UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

HECTOR RODRIGUEZ,

          Petitioner,

v.                                Case No.  6:21-cv-274-RBD-DCI

SECRETARY, DEPARTMENT OF
CORRECTIONS, and ATTORNEY
GENERAL, STATE OF FLORIDA,

          Respondents.

_____/

## ORDER

THIS CAUSE is before the Court on Petitioner Hector Rodriguez's Petition for Writ of Habeas Corpus ("Petition," Doc. 1) filed under 28 U.S.C. § 2254. Respondents filed a Response to the Petition ("Response," Doc. 13) in compliance with this Court's instructions. Petitioner filed a Reply to the Response ("Reply," Doc. 16).

Petitioner asserts twenty-one grounds for relief. The Petition is denied.

### I.    PROCEDURAL HISTORY

The State charged Petitioner and Jesse Davis ("Davis") with two counts of first-degree murder with a firearm (Counts One and Two), two counts of kidnapping with a firearm (Counts Three and Four), and two counts of robbery with a firearm (Counts Five and Six) (Doc. 13-5 at 2-5, 10-11.) Davis pled guilty to

the charges, and Petitioner proceeded to trial. A jury convicted Petitioner of all charges. (*Id.* at 47-58.) The trial court sentenced Petitioner to life in prison on all counts. (*Id.* at 64-66.) Petitioner appealed, and the Fifth District Court of Appeal of Florida ("Fifth DCA") affirmed *per curiam*. (*Id.* at 171.)

Petitioner moved for post-conviction relief under Florida Rule of Criminal Procedure 3.850. (*Id.* at 175-203.) The state court denied some claims and held an evidentiary hearing on some claims. (*Id.* at 270-78.) Before the hearing, Petitioner moved to supplement the Rule 3.850, which the state court granted but denied Petitioner's new claim. (*Id.* at 360-64, 370-73.) The state court denied the remaining claims after the evidentiary hearing. (*Id.* at 376-81.) Petitioner appealed, and the Fifth DCA affirmed *per curiam*. (*Id.* at 553.)

While his Rule 3.850 action was pending, Petitioner initiated a state habeas action alleging claims of ineffective assistance of appellate counsel. (*Id.* at 559-72.) The Fifth DCA summarily denied relief. (*Id.* at 593.)

## II.   LEGAL STANDARDS

### A.   Standard Of Review Under The Antiterrorism Effective Death Penalty Act ("AEDPA")

Under the AEDPA, federal habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

(1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The phrase "clearly established Federal law," encompasses only the holdings of the Supreme Court of the United States "as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

A federal habeas court must identify the last state court decision, if any, that adjudicated the claim on the merits. *See Marshall v. Sec'y, Fla. Dep't of Corr.*, 828 F.3d 1277, 1285 (11th Cir. 2016). Where the state court's adjudication on the merits is unaccompanied by an explanation, the habeas court should "look through" any unexplained decision "to the last related state-court decision that does provide a relevant rationale. It should then presume that the unexplained decision adopted the same reasoning." *Wilson v. Sellers*, 138 S. Ct. 1188, 1192 (2018). The presumption may be rebutted by showing that the higher state court's adjudication most likely relied on different grounds than the lower state court's reasoned decision, such as persuasive alternative grounds briefed or argued to the higher court or obvious in the record it reviewed. *Id.* at 1192–93, 1195–96.

For claims adjudicated on the merits, "section 2254(d)(1) provides two separate bases for reviewing state court decisions; the 'contrary to' and 'unreasonable application' clauses articulate independent considerations a federal court must consider." *Maharaj v. Sec'y for Dep't of Corr.*, 432 F.3d 1292, 1308 (11th

Cir. 2005).

> Under the "contrary to" clause, a federal court may grant the writ if
> the state court arrives at a conclusion opposite to that reached by [the
> United States Supreme Court] on a question of law or if the state court
> decides a case differently than [the United States Supreme Court] has
> on a set of materially indistinguishable facts. Under the 'unreasonable
> application' clause, a federal habeas court may grant the writ if the
> state court identifies the correct governing legal principle from [the
> United States Supreme Court's] decisions but unreasonably applies
> that principle to the facts of the prisoner's case.

*Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001). "For a state-court decision to be

an 'unreasonable application' of Supreme Court precedent, it must be more than

incorrect—it must be 'objectively unreasonable.'" *Thomas v. Sec'y, Dep't of Corr.*,

770 F. App'x 533, 536 (11th Cir. 2019) (quoting *Lockyer v. Andrade*, 538 U.S. 63, 75

(2003)).

Under § 2254(d)(2), a federal court may grant a writ of habeas corpus if the

state court's decision "was based on an unreasonable determination of the facts in

light of the evidence presented in the State court proceeding." A determination of

a factual issue made by a state court is presumed correct, and the habeas petitioner

must rebut the presumption of correctness by clear and convincing evidence. *See*

*Parker*, 244 F.3d at 835-36; 28 U.S.C. § 2254(e)(1).

Where the state court applied the correct Supreme Court precedent, the

federal court must consider whether the state court unreasonably applied that

precedent or made an unreasonable determination of the facts. *Whatley v. Warden*,

927 F.3d 1150, 1181 (11th Cir. 2019). "'[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision.'" *Id.* at 1175 (quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011)). Federal courts may review a claim *de novo* only if the state court's decision was based on an unreasonable application of Supreme Court precedent or an unreasonable determination of the facts. *Id.*

## B.    Standard For Ineffective Assistance Of Counsel

In *Strickland v. Washington*, the Supreme Court established a two-part test for determining whether a convicted person is entitled to relief because his counsel provided ineffective assistance. 466 U.S. 668, 687-88 (1984). To prevail under *Strickland*, a petitioner must demonstrate "(1) that his trial 'counsel's performance was deficient' and (2) that it 'prejudiced [his] defense.'" *Whatley*, 927 F.3d at 1175 (quoting *Strickland*, 466 U.S. at 687).

Prejudice "requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687. That is, "[t]he [petitioner] must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A reasonable probability is "a probability sufficient to undermine confidence in the outcome." *Id.*

## III.    ANALYSIS

**A. Grounds One and Two**

In Ground One, Petitioner asserts the trial court erred by excluding Davis' deposition testimony when Davis refused to testify at trial. (Doc. 1 at 3-4.) In Ground Two, Petitioner contends the trial court erred by advising the jury of his prior convictions. (*Id.* at 5.) Respondents maintain these grounds are procedurally barred from review because they were raised in the state court as violations of state law and not as constitutional violations. (Doc. 13 at 35.)

Absent exceptional circumstances, federal courts are precluded from granting habeas relief unless the petitioner has exhausted all means of available relief under state law. 28 U.S.C. § 2254(b); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842–43 (1999); *Picard v. Connor*, 404 U.S. 270, 275 (1971). A federal habeas court is also precluded from considering claims that are not exhausted but clearly would be barred if returned to state court. *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991) (stating that if the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims to meet the exhaustion requirement would now find the claims procedurally barred, there is a procedural default for federal habeas purposes regardless of the decision of the last state court to which the petitioner actually presented his claims), *holding modified by Martinez v. Ryan*, 566 U.S. 1 (2012).

To satisfy the exhaustion requirement, a state petitioner must "fairly

presen[t] federal claims to the state courts in order to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (citing *Picard*, 404 U.S. at 275–76) (internal quotation marks omitted). Hence, "[i]f state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution." *Id.* at 365-66; *see also Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (holding that "the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim."). "Both the legal theory and the facts on which the federal claim rests must be substantially the same for it to be the substantial equivalent of the properly exhausted claim." *Henderson v. Campbell*, 353 F.3d 880, 898 n.25 (11th Cir. 2003). A federal court must dismiss those claims or portions of claims that have been denied on adequate and independent procedural grounds under state law. *Coleman*, 501 U.S. at 750.

Procedural default will be excused only in two narrow circumstances. First, a petitioner may obtain federal review of a procedurally defaulted claim if he can show both "cause" for the default and actual "prejudice" resulting from the default. *Wright v. Hopper*, 169 F.3d 695, 703 (11th Cir. 1999). "To establish 'cause' for procedural default, a petitioner must demonstrate that some objective factor

external to the defense impeded the effort to raise the claim properly in the state court." *Id*. To show the requisite "prejudice" to warrant review of a procedurally defaulted claim, a petitioner must demonstrate that there is at least a reasonable probability that the result of the proceeding would have been different had the claim been raised in the state court. *Henderson*, 353 F.3d at 892.

The second exception to the procedural default bar involves a "fundamental miscarriage of justice." *Murray v. Carrier*, 477 U.S. 478, 496 (1986). This exception only occurs in extraordinary cases where a "constitutional violation has probably resulted in the conviction of one who is actually innocent." *Id*. "A habeas petitioner asserting actual innocence to avoid a procedural bar must show that his conviction 'probably resulted' from 'a constitutional violation.'" *Arthur v. Allen*, 452 F.3d 1234, 1245 (11th Cir. 2006) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).

> To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence - whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence - that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful.

*Schlup*, 513 U.S. at 324. "Actual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 615 (1998).

Regarding Ground One, Petitioner noted in his appeal brief that the trial court's refusal to admit Davis' deposition testimony did not implicate the Confrontation Clause. (Doc. 13-5 at 107-18.) Petitioner, however, relied on state

law in arguing that the trial court erred by not admitting Davis' deposition testimony. (*Id.*) Similarly, in support of Ground Two, Petitioner relied solely on state law. (*Id.* at 119-20.) Consequently, Grounds One and Two were not presented as federal issues in the state court and are procedurally barred absent an exception to the procedural default bar.

Petitioner has not demonstrated cause and prejudice or actual innocence to overcome the procedural default. Thus, Grounds One and Two are procedurally barred from review and are denied.[1]

### B. Grounds Three, Five, and Seven

In Ground Three, Petitioner asserts trial counsel rendered ineffective assistance by failing to perpetuate Davis' testimony under Florida Rule of Criminal Procedure 3.190(i) or otherwise move for a mistrial when Davis refused to testify and by failing to challenge the prosecutor's argument that Petitioner's prior convictions were admissible based on Dee Angelo Williams' ("Williams") testimony that Petitioner made exculpatory statements to him. (Doc. 1 at 5.) In Ground Five, Petitioner again argues trial counsel was ineffective for failing to perpetuate Davis' testimony and move for a mistrial. (*Id.* at 7.) Likewise, in Ground Seven, Petitioner contends counsel was ineffective for failing to challenge the

---

[1] Alternatively, Petitioner has not shown that the state court's denial of these grounds is contrary to, or an unreasonable application of, clearly established federal law.

prosecutor's argument about the admissibility of his prior criminal record. (*Id.* at 8-9.)

Petitioner raised these grounds on direct appeal and in his Rule 3.850 motion. The state court concluded with respect to Ground Five that both the prosecutor and defense counsel believed Davis intended to testify at trial and the mere possibility that Davis would refuse to testify would not have provided a basis for the perpetuation of his testimony or guaranteed its admission under Florida law. (Doc. 13-5 at 272.) As to Ground Seven, the state court determined that although Petitioner did not make an exculpatory statement to Williams, Carl Spain ("Spain") testified about exculpatory statements that Petitioner made, and therefore, under Florida law, Petitioner's credibility could be attacked by his prior criminal record. (*Id.* at 273.) The state court concluded as to these ground that no prejudice resulted. (*Id.* at 272-73.) The Fifth DCA affirmed *per curiam*. (*Id.* at 553.)

The state court's denial of these grounds is not contrary to, or an unreasonable application of, clearly established federal law. Under Florida law,

> [t]he perpetuation of testimony by pretrial deposition is provided for by rule 3.190(j) when a prospective witness resides beyond the territorial jurisdiction of the court or may be unable or prevented from attending a hearing or trial. Subsection (6) of the rule further provides that "no deposition shall be used or read in the evidence when the attendance of the witness can be procured." Thus, it is clear that the mere taking of a deposition to perpetuate testimony does *not ipso facto* qualify it for admission at a subsequent trial or hearing unless waived by the opposing party.

*McMillon v. State*, 552 So. 2d 1183, 1184 (Fla. 4th DCA 1989). Further, "'[w]hen a
hearsay statement has been admitted in evidence, credibility of the declarant may
be attacked and, if attacked, may be supported by any evidence that would be
admissible for those purposes if the declarant had testified as a witness.'" *Huggins
v. State*, 889 So. 2d 743, 755–56 (Fla. 2004) (quoting Fla. Stat. § 90.806(1)). Thus,
"section 90.806 permits the introduction of a defendant's felony convictions when
the defendant elicits his or her own exculpatory, hearsay statement through
another witness at trial." *Id.*

Here, defense counsel believed Davis intended to testify at Petitioner's trial
in accordance with his deposition testimony. Further, Davis appeared at trial but
refused to testify. Counsel, therefore, had no reason to seek to perpetuate Davis
testimony, nor has Petitioner shown that even if counsel had done so, the
deposition would have been admissible. On cross-examination, defense counsel
elicited testimony from Spain that Petitioner, when asked, said he didn't know
what happened to the victims. (Doc. 13-2 at 84.) Consequently, the defense elicited
Petitioner's exculpatory out-of-court statement, and thus, he was subject to
impeachment by his prior criminal history. Finally, the Court notes that substantial
evidence of Petitioner's guilt was admitted, including his admission to Jonathan
Tischer ("Tischer"), which Tischer's brother also heard, that he and Davis killed
the victims and burned their bodies. (Doc. Nos. 13-1 at 405-25; 13-2 at 113, 117.)

Thus, prejudice did not result from counsel's failure to perpetuate Davis' testimony or challenge the prosecutor's argument about the admission of Petitioner's criminal history. Grounds Three, Five, and Seven are denied under § 2254(d).

### D.  Ground Four

Petitioner maintains counsel rendered ineffective assistance by failing to proffer Davis' deposition testimony. (Doc. 1 at 6.) According to Petitioner, had counsel done so, this would have preserved the issue for appeal. (*Id.*)

Petitioner raised this ground in his Rule 3.850 motion. The state court determined that Petitioner failed to demonstrate prejudice. (Doc. 13-5 at 271.) The state court reasoned that counsel argued extensively that Davis' deposition testimony should be admitted, and the trial judge denied the request but found that counsel had preserved the issue for appeal. (*Id.*) The Fifth DCA affirmed *per curiam*. (*Id.* at 553.)

The state court's denial of this ground is not contrary to, or an unreasonable application of, clearly established federal law. When Davis refused to testify, defense counsel argued that his deposition testimony should be admitted. The trial court, however, denied the request. (Doc. 13-4 at 52-68.) The trial court noted that the issue was preserved for appeal. (*Id.* at 68.) Counsel, therefore, had no reason to proffer Davis' testimony to preserve the issue for appeal. The evidence of

Petitioner's guilt was substantial, and a reasonable probability does not exist that the outcome of the trial or appeal would have been different but for counsel's failure to proffer Davis' deposition testimony. Ground Four is denied under § 2254(d).

### E.  Ground Six

Petitioner asserts that counsel was ineffective for failing to move for a mistrial when Davis refused to testify. (Doc. 1 at 8.) According to Petitioner, had counsel moved for a mistrial when his defense was eviscerated, the motion likely would have been granted. (*Id.*)

Petitioner raised this ground in his Rule 3.850 motion. The state court determined that a reasonable probability did not exist that a mistrial would have been granted because both parties anticipated that Davis would testify. (Doc. 13-5 at 272-73.)  The Fifth DCA affirmed *per curiam*. (*Id.* at 553.)

Petitioner has not demonstrated that the state court's denial of this ground is contrary to, or an unreasonable application of, *Strickland*. The prosecution and defense believed Davis would testify. Petitioner has not cited, and this Court has not located, any Florida authority warranting a mistrial when a witness refuses to testify. Therefore, a reasonable probability does not exist that the outcome of the trial would have been different had counsel moved for a mistrial. Ground Six is denied under § 2254(d).

### F.  Ground Eight

Petitioner contends counsel was ineffective for failing to request a limiting instruction on the jury's consideration of his prior criminal history. (Doc. 1 at 9.) Petitioner complains that the jury should have been instructed that the prior convictions should not be considered as evidence of guilt but only as impeachment evidence. (*Id*.)

Petitioner raised this ground in his Rule 3.850 motion. The state court determined that Petitioner had not shown prejudice. (Doc. 13-5 at 273-74.) The state court reasoned that the prosecution only argued that Petitioner's prior convictions went to his credibility as permitted under Florida law. (*Id*.) The Fifth DCA affirmed *per curiam*. (*Id*. at 553.)

The state court's denial of this ground is not contrary to, or an unreasonable application of, clearly established federal law. In closing, the prosecutor only argued that Petitioner's criminal history was relevant to his credibility. (Doc. 13-4 at 300, 308.) Further, the evidence of Petitioner's guilt was substantial. Thus, a reasonable probability does not exist that the outcome of the trial would have been different had counsel requested a limiting instruction. Ground Eight is denied under § 2254(d).

### G.  Ground Nine

Petitioner asserts counsel rendered ineffective assistance by misadvising him about the viability of the alibi defense from his girlfriend. (Doc. 1 at 10.) According to Petitioner, counsel told him he would be able to establish an alibi defense and because of counsel's advice, he rejected the plea offer. (*Id.*)

Petitioner raised this ground in his Rule 3.850 motion. The state court denied relief after an evidentiary hearing. (Doc. 13-5 at 376-78.) The state court found counsel's testimony credible that he told Petitioner after deposing Petitioner's girlfriend that her testimony was weak, but Petitioner insisted on calling her as a witness and refused to accept the plea offer. (*Id.* at 377.) The state court further found that Petitioner's primary reason for not accepting the plea was because he believed Davis would exonerate him. (*Id.*) The Fifth DCA affirmed *per curiam*. (*Id.* at 553.)

Here, trial counsel testified at the evidentiary hearing that he deposed Petitioner's girlfriend after which he told Petitioner that her testimony was weak because she did not get home until after all the offenses had occurred. (Doc. 13-5 at 451.) Counsel further said that he later advised Petitioner to take the plea, but Petitioner refused to do so. (*Id.* at 452, 464.)

The state court found counsel's testimony to be credible. "Credibility determinations are factual findings and therefore 'are presumed to be correct absent clear and convincing evidence to the contrary.'" *Guerra v. Sec'y, Dep't of*

*Corr.*, 271 F. App'x 870, 871 (11th Cir. 2008) (quoting *Miller El v. Cockrell*, 537 U.S.
322, 340 (2003)). Counsel testified that he told Petitioner that his girlfriend's
testimony was weak and advised him to take the plea offer but Petitioner chose
not to do so. Petitioner has not established by clear and convincing evidence that
the state court's factual finding that counsel was credible is incorrect. Counsel,
therefore, was not deficient because he properly advised Petitioner of the strength
of his alibi defense and about the plea offer. Ground Nine is denied under §
2254(d).

### H.  Grounds Ten and Eleven

In Ground Ten, Petitioner maintains counsel rendered ineffective assistance
by misleading him about the availability of the independent act defense. (Doc. 1 at
11.) To support this ground, Petitioner alleges that counsel told him that the
evidence would establish the independent act defense, which caused him to reject
the plea offer. (*Id.*) Petitioner argues that had he been advised that Davis might not
testify, he would have accepted the plea offer. (*Id.*) Similarly, in Ground Eleven,
Petitioner complains that counsel was ineffective for failing to advise him he
should testify to support the independent act defense when Davis refused to
testify. (*Id.* at 12.)

Petitioner raised these grounds in his Rule 3.850 motion. The state court
denied relief after a hearing. (Doc. 13-5 at 378-79.) As to Ground Ten, the state

court found counsel's testimony credible that he discussed the independent act
defense with Petitioner and intended to present this defense via Davis, who the
parties believed would testify that Petitioner only participated in the robberies of
the victims, not their murders. (*Id.*) The state court concluded that counsel
reasonably pursued this defense based on extensive pretrial investigation and was
not deficient simply because a supporting witness changed his mind about
testifying. (*Id.*) As to Ground Eleven, the state court further found counsel's
testimony credible that he prepared Petitioner to testify and explained to
Petitioner that his testimony was necessary to pursue the independent act defense
and that they could not do so without his testimony. (*Id.* at 379-80.) The Fifth DCA
affirmed *per curiam*. (*Id.* at 553.)

The state court's denial of these grounds is supported by the record. Counsel
testified that he discussed the independent act defense with Petitioner and that
this was the defense that was pursued given Petitioner's contentions and Davis'
anticipated testimony. (Doc. 13-5 at 449-50, 452-56.) Further, counsel testified that
he prepared Petitioner to testify and explained to him that his testimony was
necessary to support the independent act defense after Davis refused to testify. (*Id.*
at 453, 462-63.) As noted above, the parties anticipated that Davis would testify
that Petitioner only participated in the robberies of the victims. Counsel, therefore,
reasonably pursued an independent act defense leading into trial and cannot be

deemed deficient because Davis and Petitioner refused to testify. Likewise, counsel advised Petitioner that his testimony was necessary to pursue the defense after Davis refused to testify, but Petitioner refused to testify. Grounds Ten and Eleven are denied under § 2254(d).

## I. Ground Twelve

Petitioner asserts counsel was ineffective for failing to investigate and call Sammy Torres ("Torres") as a witness. (Doc. 1 at 13.) According to Petitioner, Torres could have refuted Jonathan and Shawn Tischer's testimony that Petitioner said he and Davis shot and burned the victims. (*Id.*) Petitioner maintains that Torres would have testified that Petitioner was not at Torres' home as the Tischers' testified. (*Id.*)

Petitioner raised this ground in his Rule 3.850 motion. The state court concluded this ground was refuted by the record. (Doc. 13-5 at 275.) Specifically, the state court noted that at the conclusion of trial Petitioner complained that counsel failed to call Torres as a witness and counsel told the court he had spoken with Torres multiple times, Torres' testimony would have rebutted the testimony of Petitioner's girlfriend, and Torres' refused to cooperate and come to court. (*Id.*) At that time, counsel advised the court he had discussed the matter with Petitioner who agreed Torres should not be called as a witness, and counsel made a

reasonable strategic decision not to do so. (*Id.*) The Fifth DCA affirmed *per curiam*. (*Id.* at 553.)

The state court's denial of this ground is supported by the record. At the end of trial, Petitioner complained that counsel failed to call Torres as a witness. (Doc. 13-4 at 375.) In response, counsel told the trial court he spoke to Torres five times before trial, believed that Torres' testimony would not be helpful and would rebut the testimony of Petitioner's girlfriend, and discussed the issue with Petitioner who agreed that Torres should not be called as a witness. (*Id.* at 379.) Consequently, counsel investigated Torres, decided his testimony was not helpful, and discussed the matter with Petitioner. Petitioner agreed with counsel's advice, and counsel made a reasonable strategic decision not to call Torres as a witness. Counsel, therefore, was not deficient, and prejudice did not result. Ground Twelve is denied under § 2254(d).

**J. Ground Thirteen**

Petitioner contends counsel was ineffective for failing to object to the introduction of testimony that Petitioner robbed Shawn Tischer, that Petitioner was arrested on other charges, and regarding a 9-millimeter firearm. (Doc. 1 at 14.)

Petitioner raised this ground in his Rule 3.850 motion. The state court denied relief. (Doc. 13-5 at 275-76.) The state court reasoned that defense counsel elicited Shawn Tischer's testimony that Petitioner had robbed him and used this in closing

argument to attack Tischer's credibility. (*Id.*) With respect to Jeffrey Vockell's ("Vockell") purported testimony that Petitioner was arrested on other charges, the state court noted that Vockell clarified that he was referring to Davis. (*Id.*) Finally, the state court reasoned that Vockell testified that an unrelated person loaned him a 9-millimeter firearm, and the references to the 9-millimeter firearm did not prejudice Petitioner. (*Id.*) The Fifth DCA affirmed *per curiam*. (*Id.* at 553.)

The state court's denial of this ground is not contrary to, or an unreasonable application of, *Strickland*. On cross-examination, Shawn Tischer testified that he fought with Petitioner after Petitioner robbed him. (Doc. 13-2 at 121.) In closing, the defense used this testimony to attack Tischer's credibility. (Doc. 13-4 at 262-63.) Likewise, Vockell clarified that Davis was the defendant who was arrested on other charges and indicated that he had borrowed a 9-millimeter firearm from Alex Rivera after Davis was arrested. (Doc. 13-2 at 355-56, 361-62.) Consequently, counsel was not deficient for failing to object to this testimony, and prejudice did not result from counsel's failure to do so. Ground Thirteen is denied under § 2254(d).

### K.  Ground Fourteen

Petitioner asserts counsel rendered ineffective assistance by failing to move for a judgment of acquittal based on the improper stacking of inferences. (Doc. 1 at 14-15.) To support this ground, Petitioner argues that the evidence against him

was purely circumstantial. (*Id*.)

Petitioner raised this ground in his Rule 3.850 motion. The state court denied relief because there was direct evidence of Petitioner's guilt and counsel extensively argued for a judgment of acquittal. (Doc. 13-5 at 276-77.) The Fifth DCA affirmed *per curiam*. (*Id.* at 553.)

The state court's denial of this ground is not contrary to, or an unreasonable application of, *Strickland*. The evidence against Petitioner was not purely circumstantial. Witnesses testified that they observed Petitioner and Davis rob the victims and that Petitioner admitted killing them and burning their bodies. Counsel moved for a judgment of acquittal and offered a lengthy argument to support the motion. Counsel, therefore, was not deficient for failing to move for a judgment of acquittal based on the improper staking of inferences, and prejudice did not result from counsel's failure to do so. Ground Fourteen is denied under § 2254(d).

### L.  Ground Fifteen

Petitioner contends counsel was ineffective for failing to file a pretrial motion to dismiss the robbery charges based on lack of jurisdiction. (Doc. 1 at 15.) To support this ground, Petitioner argues that the evidence established that the robbery occurred in Seminole County, not Orange County. (*Id.*)

Petitioner raised this ground in his Rule 3.850 motion. The state court denied

relief. (Doc. 13-5 at 277.) The state court noted that the trial court acknowledged that the issue was properly raised in either a pretrial motion to dismiss or in a motion for judgment of acquittal and that counsel properly raised the issue in his motion for judgment of acquittal, but the motion was denied because the robberies were part of a continuous series of events that began and ended in Orange County. (*Id.*) The Fifth DCA affirmed *per curiam*. (*Id.* at 553.)

The state court's denial of this ground is supported by the record. When counsel moved for a judgment of acquittal arguing that the robberies occurred in Seminole County and the State had not proved venue, the trial court indicated that under Florida law, the issue may be raised in a pretrial motion or in a motion for judgment of acquittal. (Doc. 13-3 at 377-81.) The trial court denied the motion because the robberies began in Orange County, continued in Seminole County, and concluded in Orange County. (*Id.* at 403-04.) Thus, counsel was not deficient for raising this issue in a motion for judgment of acquittal, and a reasonable probability does not exist that the outcome of the proceeding would have been different had the matter been raised in a pretrial motion. Ground Fifteen is denied under § 2254(d).

## M. Ground Sixteen

Petitioner maintains counsel was ineffective for failing to move for a judgment of acquittal on the robbery charges because the State failed to prove the

value element. (Doc. 1 at 16.) Petitioner argues there was no evidence presented at trial that the guns taken were of some value. (*Id.*)

Petitioner raised this ground in his Rule 3.850 motion. The state court denied the claim. (Doc. 13-5 at 278.) The state court reasoned that evidence was presented establishing that two working firearms were taken from the victims, and the State did not have to prove the exact value of the items taken. (*Id.*) The state court concluded that prejudice did not result from counsel's failure to seek a judgment of acquittal on this basis. (*Id.*) The Fifth DCA affirmed *per curiam*. (*Id.* at 553.)

The state court's denial of this ground is supported by the record. The State presented evidence that Petitioner and Davis took two operable handguns from the victims. (Doc. 13-2 at 352-55.) Under Florida law, "the State is not required to prove an exact value for the property taken." *Cannon v. State*, 180 So. 3d 1023, 1039 (Fla. 2015). The two firearms taken from the victims had inherent value and thus satisfied the value element. *See, e.g., id.* (concluding that an empty wallet had inherent value to satisfy the value element of robbery). Therefore, prejudice did not result from counsel's failure to move for a judgment of acquittal based on the State's failure to prove that the firearms had some value. Ground Sixteen is denied under § 2254(d).

**N. Ground Seventeen**

Petitioner asserts that the fingerprint testimony from Marco Palacio

("Palacio") about Petitioner's fingerprint in Davis' car was unreliable based on the State's notice of performance issues. Petitioner further complains that counsel was ineffective for failing to investigate and challenge Palacio's testimony. (Doc 1 at 17.)

Petitioner raised this claim in his supplement to the Rule 3.850 motion. The state court denied relief. (Doc. 13-5 at 372.) The state court reasoned that Petitioner failed to show that Palacio made any errors in the case or that the fingerprint process and evidence were flawed. (*Id.*) The Fifth DCA affirmed *per curiam*. (*Id.* at 553.)

The state court's denial of this ground is not contrary to, or an unreasonable application of, clearly established federal law. There is no indication that Palacio committed any errors in this case or that the fingerprint process was flawed. The evidence of Petitioner's guilt was substantial, and the fingerprint evidence was cumulative to the other witnesses' testimony implicating Petitioner in the offenses. Thus, a reasonable probability does not exist that the outcome of the trial would have been different had counsel challenged Palacio's testimony. Ground Seventeen is denied under § 2254(d).

## O. Ground Eighteen

Petitioner contends counsel was ineffective for conceding his guilt to the robberies in closing argument. (Doc. 1 at 18.) According to Petitioner, counsel

conceded his guilt of the robberies without his agreement, which automatically conceded his guilt to felony murder. (*Id.*)

Petitioner raised this ground during his Rule 3.850 evidentiary hearing. The state court denied relief because the claim was untimely and otherwise without merit. (Doc. 13-5 at 380.) The state court noted that counsel did not concede Petitioner's guilt as to the robberies. (*Id.*) Rather, counsel argued that if the jury believed the testimony of one of the witnesses that Petitioner said they were going to rob the victims, the State had shown only that Petitioner was involved in the robberies. Counsel, however, argued that the witness' testimony was not credible and Petitioner was not guilty. (*Id.*) The Fifth DCA affirmed *per curiam*. (*Id.* at 553.)

As argued by Respondents, this ground is procedurally barred because the state court found it to be untimely. Petitioner has not demonstrated cause and prejudice or actual innocence to overcome the procedural default. Thus, this ground is procedurally barred from review. Alternatively, Petitioner has not shown that the state court's denial of the ground on the merits is contrary to, or an unreasonable application of, *Strickland*. Counsel did not concede Petitioner's guilt of the robberies but argued that at most the State had proven he committed the robberies if the jury found one of the witnesses credible, but counsel argued she was not. (Doc. 13-4 at 276-90.) Counsel further argued that Petitioner was not guilty. (*Id.* at 290.) Counsel, therefore, was not deficient. Ground Eighteen is

denied.

### P.  Ground Nineteen

Petitioner asserts that that the cumulative effect of counsel's errors deprived him of a fair trial. (Doc. 1 at 19.) Petitioner raised this ground in his Rule 3.850 motion. The state court denied relief because Petitioner had established no meritorious claim of ineffective assistance of counsel. (Doc. 13-5 at 380-81.) The Fifth DCA affirmed *per curiam*. (*Id.* at 553.)

The state court's denial of this ground is not contrary to, or an unreasonable application of, clearly established federal law. Petitioner has not demonstrated that counsel was ineffective in any of his grounds for relief. Ground Nineteen is denied under § 2254(d).

### Q.  Ground Twenty

Petitioner maintains appellate counsel rendered ineffective assistance by failing to argue that the trial court erred by instructing the jury on the principal theory. (Doc. 1 at 20.) Petitioner argues this was fundamental error because he was not charged as a principal. (*Id.*)

Petitioner raised this ground in his state habeas petition. The Fifth DCA summarily denied relief. (Doc. 13-5 at 593.)

The Supreme Court of Florida has held that "the failure to indict another or others along with the defendant or the failure to indict him singly as an aider or

abettor is [not] . . . contrary to essential requirements of law." *Newman v. State*, 196 So.2d 897, 900 (Fla. 1967). Moreover, "[u]nder Florida law, a person who is charged in an indictment or information with commission of a crime may be convicted on proof that [he] aided or abetted in the commission of such crime." *State v. Larzelere*, 979 So. 2d 195, 215 (Fla. 2008) (citing *State v. Roby*, 246 So. 2d 566, 571 (Fla. 1971)). Thus under Florida law, "if an information charges a defendant with a substantive crime, . . . and the proof establishes only that he was feloniously present, aiding, and abetting in the commission of the crime, a verdict of guilty as charged should be sustained." *Watkins v. State*, 826 So. 2d 471, 474 (Fla. 1st DCA 2002) (citing *Roby*, 246 So. 2d at 571, and *Jacobs v. State*, 184 So. 2d 711, 715 (Fla. 1st DCA 1966)). The trial court properly instructed the jury on the principal theory, and appellate counsel was not ineffective for failing to raise a meritless argument. Ground Twenty is denied under § 2254(d).

### R.  Ground Twenty-One

Petitioner contends appellate counsel was ineffective for failing to file a motion to correct sentence under Rule 3.800(b)(2) of the Florida Rules of Criminal Procedure to correct the minimum mandatory sentences. (Doc. 1 at 23.) According to Petitioner, because he was convicted on the principal theory, his convictions did not warrant a minimum mandatory sentence. (*Id.*)

Petitioner raised this ground in his state habeas petition. The Fifth DCA

summarily denied relief. (Doc. 13-5 at 593.)

Petitioner has not demonstrated that the state court's denial of this ground is contrary to, or an unreasonable application of, clearly established federal law. Although the jury was instructed on the principal theory, the jury made specific findings as to the murder counts that Petitioner actually possessed and discharged a firearm, and as to the remaining four counts, that he actually possessed a firearm. (Doc. 13-5 at 47-58.) Thus, appellate counsel had no basis to file a Rule 3.800(b)(2) motion, and a reasonable probability does not exist that such a motion would have been successful. Ground Twenty-One is denied under § 2254(d).

Any allegations not specifically addressed lack merit.

## IV. CERTIFICATE OF APPEALABILITY

This Court should grant an application for certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Lamarca v. Sec'y, Dep't of Corr.*, 568 F.3d 929, 934 (11th Cir. 2009). When a district court dismisses a federal habeas petition on procedural grounds without reaching the underlying constitutional claim, a certificate of appealability should issue only when a petitioner shows "that jurists of reason would find it

debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*; *Lamarca*, 568 F.3d at 934. But a prisoner need not show that the appeal will succeed. *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

Petitioner has not shown that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. Moreover, Petitioner cannot show that jurists of reason would find this Court's procedural rulings debatable. Petitioner has failed to make a substantial showing of the denial of a constitutional right. Thus, the Court will deny Petitioner a certificate of appealability.

Accordingly, it is **ORDERED** and **ADJUDGED**:

1. The Petition (Doc. 1) is **DENIED**, and this case is **DISMISSED with prejudice**.

2. Petitioner is **DENIED** a Certificate of Appealability.

3. The Clerk of the Court shall enter judgment accordingly and is directed to close this case.

**DONE** and **ORDERED** in Orlando, Florida on March 2, 2023.



ROY B. DALTON JR.
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Party